IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES H. BEARD, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-2182-STA-cgc |
| | ) | |
| RELIGIOUS DENOMINATIONAL | ) | |
| CHURCHES AND ORGANIZATIONS | ) | |
| USING THE NAME OR | ) | |
| REFERENCING THE NAME OF | ) | |
| JESUS CHRIST, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the United States Magistrate Judge' Report and Recommendation that Plaintiff James H. Beard Jr.'s Pro Se Complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2). Objections to the Report and Recommendation were due within fourteen (14) days of the entry of the Report, making the objections due on or before June 30, 2017. Plaintiff has not filed objections within the time permitted.

Having reviewed the Magistrate Judge's Report and Recommendation *de novo*, the Court hereby **ADOPTS** the Report. Plaintiff's Pro Se Complaint is **DISMISSED**.

The next issue to be addressed is whether Plaintiff should be allowed to appeal this decision *in forma pauperis*. Under 28 U.S.C. § 1915(a)(3), an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. The good faith

1

standard is an objective one.[1] An appeal is not taken in good faith if the issue presented is frivolous.[2] It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendant but has sufficient merit to support an appeal *in forma pauperis*.[3] The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

The Sixth Circuit Court of Appeals decisions in *McGore v. Wrigglesworth*, 114 F.3d 601, 612–13 (6th Cir. 1997) and *Floyd v. United States Postal Serv.*, 105 F.3d 274, 276 (6th Cir. 1997) apply to any appeal filed by Plaintiff in this case. If Plaintiff files a notice of appeal, she must pay the entire $505 filing fee required by 28 U.S.C. §§ 1913 and 1917. The entire filing fee must be paid within thirty (30) days of the filing of the notice of appeal. By filing a notice of appeal Plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal. If Plaintiff fails to comply with the above assessment of the appellate filing fee within thirty (30) days[4] of the filing of the notice of appeal or the entry of this order, whichever occurred later, the Court will notify the Sixth Circuit, which will dismiss the appeal. If the appeal is dismissed, it will not be reinstated once the fee is paid.[5]

---

[1] *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

[2] *Id.*

[3] *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).

[4] The district court may extend this deadline one time by thirty (30) days if the motion to extend is filed before the expiration of the original deadline. *McGore*, 114 F.3d at 610.

[5] *McGore*, 114 F.3d at 610.

**IT IS SO ORDERED.**

                                      **s/ S. Thomas Anderson**
                                      S. THOMAS ANDERSON
                                      CHIEF UNITED STATES DISTRICT JUDGE

                                      Date: July 10, 2017